UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | NO. AU:07-CR-00171(4) |
| (4) RAYMOND SANCHEZ | § § | |

## Sentencing Memorandum of Raymond Sanchez

TO THE HONORABLE JUDGE OF SAID COURT:

    Ray Sanchez is an avid golf enthusiast who played professionally for several years. While working as a self-employed painter, in the pest control industry and for friends in a variety of jobs, Mr. Sanchez has continued to show his love for the sport by trying to give a free golf lesson to at least one different person when he goes to the golf course to play. Rene Castro took advantage of Ray's offer of a free lesson, and, after befriending Ray, began to take advantage of Ray's willingness to help out a "friend" by occasionally asking Ray to store packages for him.

    Although Ray stored the drugs because his "friend" asked him for a favor, not because he wanted to make a lot of money or support a drug habit, Ray knows this fact does not excuse his illegal conduct. Ray does not use drugs, but certainly knew that the Castro family was involved in selling drugs and that the packages he agreed to store for Rene at his apartment contained drugs. Ray also knew that storing the packages for Rene was illegal and just plain stupid. After being severely beaten by Rene's brothers over an unrelated incident, he realized that Rene was not his "good friend," and he decided to have nothing more to do with the Castros or their "business." However, months later, Ray reluctantly stored a package for Rene one last time. This time, Ray was not acting out of friendship, but out of fear -- Rene made it very clear that

Ray did not have the option of saying "no" if he wanted to remain healthy. Ray realizes he has made a very costly mistake by agreeing to store drugs for Rene Castro and he takes full responsibility for his own illegal conduct in not reporting the criminal activity.

## Legal Standard

The Supreme Court in *Booker* authorized this Court to impose a sentence below the sentencing guideline range. *United States v. Booker*, 125 S.Ct. 738, 757 (2005). *See also Gall v. United States*, ___ S.Ct. ___, (Docket No. 06-7949, slip opinion -- December 10, 2007) (sentencing court's decision to impose a sentence of probation when guideline range was 30-36 months of incarceration was within sentencing court's discretion.) Under *Booker*, the United States Sentencing Guidelines are merely advisory and are only one of the factors in 18 U.S.C. 3553(a) that the Court must consider in imposing sentence. *Id.* As *Booker* emphasized, under the Sentencing Reform Act, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." *Booker*, 125 S.Ct. at 760 (quoting 18 U.S.C § 3661). For this reason, a sentence outside of the guideline range may not be presumed by the court to be unreasonable. *Gall*, slip opinion at 12.

The principal requirement of 18 U.S.C. §3553(a) is that a sentencing court impose a sentence that is "sufficient, but not greater than necessary, to comply with" the purposes of sentencing. To meet this requirement, Section 3553(a) directs the Court in this case to consider a number of pertinent factors:

- the nature and circumstances of the offense, § 3553(a)(1);
- the history and characteristics of the defendant, § 3553(a)(1);

2

- the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense, §3553(a)(2)(A);
- the kinds of sentences available, § 3553(a)(3);
- the sentencing guideline range, § 3553(a)(4);
- pertinent Sentencing Commission Policy statements, § 3553(a)(5); and
- the need to avoid unwarranted sentencing disparities, § 3553(a)(6).

Mr. Sanchez believes that an appropriate sentence under the circumstances is a sentence of probation. As part of the plea agreement in this case, the United States agreed that it would not oppose a sentence of probation for Mr. Sanchez. Mr. Sanchez's role in occasionally storing drugs for Rene Castro as a favor clearly was wrong, but his culpability is relatively minor. A sentence of probation will substantially restrict Mr. Sanchez's liberty and adequately reflects the seriousness of the offense. *See, e.g., Gall,* slip opinion at 9 ("Offenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty"). In addition, other than some alcohol-related offenses, Mr. Sanchez has no criminal past.[1] He has lived in central Texas for most of his life. He has supportive friends and a sister in this community.

A sentence of probation will also avoid unwarranted sentencing disparities. 18 U.S.C. §3553(a)(6). At least four other defendants who were involved with the Castros' illegal conduct, were granted a sentence of probation after being indicted on the same charges as Mr. Sanchez and after pleading guilty to the same offense as Mr. Sanchez -- misprision of a felony.

WHEREFORE, Raymond Sanchez respectfully requests this Court to depart from the Sentencing Guidelines and impose a sentence of probation in this matter.

---

[1] Other than a misdemeanor public intoxication charge in early 2007, Mr. Sanchez's alcohol-related offenses happened many years ago. Mr. Sanchez was very close to his father and was devastated by his father's death on Valentine's Day in 1985. He began drinking more heavily after this incident. Mr. Sanchez has a rose tattoo on his shoulder to signify Valentine's Day and as a reminder that his father is always with him  After several incidents involving alcohol, Mr. Sanchez realized he had a problem and completed an alcohol treatment program in 1994.

3

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY
A Professional Corporation
401 Congress Avenue, Suite 2200
Austin, Texas 78701
P.O. Box 98
Austin, Texas 78767
(512) 480-5653 Telephone
(512) 480-5853 Telecopier

By: _____
Steven D. Smit
State Bar ID No. 18527500
ssmit@gdhm.com

*Counsel for Defendant Raymond Sanchez*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the following counsel of record as indicated below on December 12, 2007.

Johnny Sutton　　　　　　　　　　____ First Class U.S. Mail
U.S. Attorney　　　　　　　　　　 ____ Certified Mail, RRR
Douglas W. Gardner　　　　　　　 ____ Overnight Delivery
Assistant U.S. Attorney　　　　　　____ Hand Delivery
　　　　　　　　　　　　　　　　 _X__ Telecopy
　　　　　　　　　　　　　　　　 ____ E-Mail
　　　　　　　　　　　　　　　　 _X__ Electronic Mail (via Court's
　　　　　　　　　　　　　　　　　　　 CM/ECF system)

_____
Steven D. Smit